**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20104-CR-BECERRA(s)(s)(s)(s)(s)(s)**

**UNITED STATES OF AMERICA**

**vs.**

**BYRON SHERROD RAINER,**
**JAMEELA AMMARA SIMMONS,**
**MARCEL WILLIAMSON, and**
**TRAVIS BARRETT NAVE,**

**Defendants.**

---

## GOVERNMENT'S MOTION FOR PROTECTIVE ORDER AUTHORIZING DISCLOSURE OF 26 U.S.C. § 6103 TAX INFORMATION

The United States of America, by and through undersigned counsel, respectfully submits this motion for a protective order authorizing the Government to disclose to Defendants Rainer, Simmons, and Williamson certain tax information that is ordinarily protected from disclosure under the provisions of 26 U.S.C. § 6103 and further ordering that any tax information provided Defendants Rainer, Simmons, Williamson, and Nave ("the Defendants") and their counsel, be subject to the protective order concerning discovery previously issued by this Court (DE 2131). In further support of this motion, the Government states as follows:

1. On August 27, 2026, a federal grand jury sitting in Miami, FL, returned a multi-count Sixth Superseding Indictment (hereinafter "Indictment") charging the Defendants with violating 18 U.S.C. §§ 1349, 1344, and 1343, including Defendant Rainer with violating 18 U.S.C. § 1956. The Indictment generally alleges that the Defendants and their co-conspirators perpetrated a scheme and artifice to defraud involving PPP and EIDL program loans, the SBA, and various lenders and financial institutions. The proceeds of the fraud scheme were also utilized by

Defendant Rainer and others to fund and cover-up the July 7, 2021, assassination of Haitian President Jovenel Moise (DE 1900).

2. The Government has acquired documentary material constituting "tax return," "return information," or "taxpayer return information," as those terms are defined in 26 U.S.C. §§ 6103(b)(1), (2), and (3), relating to the Defendants and related corporate entities. The Government intends to provide these defendants with the following return information for the associated tax years: a) Defendant Rainer (2019-2022); b) Defendant Simmons (2019-2022); c) Defendant Williamson (2019-2022); d) Blackberry Fashion Designer LLC (2020-2022); e) World Scientific Industrial and Medical Inc. (2019-2022); f) Bulls Auto Repairs Inc. (2019-2022); g) TNR Holding Group Inc. (2019-2022); h) Charis Equity Partners, LLC (2019-2022); i) Charis & Arete, LLC (2019-2022); and j) Janus Partners Consolidated, LLC (2019-2022). The Government also intends to use this information at trial, in part, to establish that the Defendants and their co-conspirators engaged in the charged crimes (DE 1900).

3. Under the provisions of 26 U.S.C. § 6103(a), the Government is prohibited from disclosing any tax returns and return information, except as specifically authorized by Title 26 of the United States Code. Such authorization is provided, in part, by 26 U.S.C. § 6103(i)(4), which relates to disclosures in federal judicial proceedings involving non-tax criminal violations. Specifically, § 6103(i)(4)(A)(ii) authorizes disclosures "to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or Rule 16 of the Federal Rules of Criminal Procedure."

4. The Standing Discovery Order ("SDO") has been ordered as to the Defendants (DE 2021, 2044, 2089, 2202). The SDO requires the Government to provide a defendant with documents and other items material to the preparation of the defendant's case or which the

Government intends to use as evidence at trial to prove its case. This provision of the SDO is largely identical to the disclosure obligation imposed on the government by FED. R. CRIM. P. 16(a)(1)(E).

5. The requested tax-related protective order, which falls within the purview of 26 U.S.C. § 6103(i)(4)(A)(ii), authorizes the Government to disclose return and taxpayer return information pursuant to such section and it further orders that such information be subject to the protective order concerning discovery previously issued by the Court in this (DE 2131).

6. For purposes of Local Rule 88.9, the undersigned has conferred with counsel for each of Defendants Rainer, Simmons, Williamson, and Nave. All have no objection.

**WHEREFORE,** based on the foregoing, the United States respectfully requests that its motion be granted.

Respectfully submitted,

YARA LORENZO KLUKAS
Acting United States Attorney

By: *<u>/s Sean T. McLaughlin</u>*
Sean T. McLaughlin
Assistant United States Attorney
Court ID No. A5501121
11200 NW 20th Street, Suite 101
Miami, FL 33172
(305) 715-7642/7654
Sean.McLaughlin@usdoj.gov

*<u>/s Jason Wu</u>*
Jason Wu
Assistant United States Attorney
Court ID No. A5502299
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9226
Jason.Wu@usdoj.gov

*/s Altanese Phenelus*
Altanese Phenelus
Assistant United States Attorney
FL Bar No. 112693
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9375
altanese.phenelus@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 18, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/ Sean T. McLaughlin*
SEAN T. McLAUGHLIN
Assistant United States Attorney