**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20104-BECERRA(s)(s)(s)(s)(s)(s)**

**UNITED STATES OF AMERICA**

**v.**

**BYRON SHERROD RAINER et al.,**

**Defendants.**
_________________________________/

**UNITED STATES' MOTION TO CONTINUE**
**TRIAL ON SIXTH SUPERSEDING INDICTMENT AS TO ALL DEFENDANTS**

The Government respectfully requests that the Court continue the criminal trial date of the arraigned defendants charged in the Sixth Superseding Indictment (DE 1850), who have not yet been tried, until January 2028.[1] The Court should continue the trial for two reasons. First, because some of the charged co-defendants are fugitives, the time to bring all defendants to trial is tolled under the Speedy Trial Act, 18 U.S.C. § 3161(h)(3)(A) and (h)(6). There is a strong preference for trying defendants indicted together and accused of related crimes, particularly large-scale conspiracies, in a single joint trial. Second, given the massive amount of discovery in this case, the defendants' attorneys will need substantial time to understand the evidence in this matter, enabling them to render informed and effective advice to their clients and—if necessary—to adequately prepare for trial.

---

[1] The twenty-four defendants in question are Byron Sherrod Rainer, Joseph Felix Badio, Phenil Gordon Desir, Carlos Giovanni Guerrero Torres, Victor Albeiro Pineda Cardona, Juan Carlos Yepes Clavijo, Naiser Franco Castaneda, Angel Mario Yarce Sierra, Jheyner Alberto Carmona Flores, Edwin Enrique Blanquicet Rodriguez, Manuel Antonio Grosso Guarin, Jhon Jairo Ramirez Gomez, Francisco Eladio Uribe Ochoa, Alejandro Giraldo Zapata, Neil Caceres Duran, Jhon Jader Andela, Enalber Vargas Gomez, John Jairo Suarez Alegria, Gersain Mendivelso Jaimes, Alex Miyer Pena, Samir Handal, Jameela Ammara Simmons, Marcel Williamson, and Travis Barrett Nave.

## BACKGROUND

Under the Sixth Superseding Indictment, Defendants Carlos Giovanni Guerrero Torres, Joseph Felix Badio, Phenil Gordon Desir, Victor Albeiro Pineda Cardona, Juan Carlos Yepes Clavijo, Naiser Franco Castaneda, Angel Mario Yarce Sierra, Jheyner Alberto Carmona Flores, Edwin Enrique Blanquicet Rodriguez, Manuel Antonio Grosso Guarin, Jhon Jairo Ramirez Gomez, Francisco Eladio Uribe Ochoa, Alejandro Giraldo Zapata, Neil Caceres Duran, Jhon Jader Andela, Enalber Vargas Gomez, John Jairo Suarez Alegria, Gersain Mendivelso Jaimes, Alex Miyer Pena, and Samir Handal are all charged with conspiring to provide material support and resources in connection with a conspiracy to kidnap or kill President Moise of Haiti, in violation of 18 U.S.C. § 2339A; providing material support in connection with the conspiracy to kidnap or kill President Moise, in violation of 18 U.S.C. §§ 2339A and 2; and conspiring to kidnap or kill President Moise of Haiti, in violation of 18 U.S.C. § 956(a) (Counts 1, 2, and 3) (DE 1850).

Defendant Byron Sherrod Rainer is charged in Counts 1 through 3 but also with conspiring to commit bank and wire fraud, in violation of 18 U.S.C. § 1349 (Count 4), and conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 5) (DE 1850). Defendants Jameela Ammara Simmons, Marcell Williamson, and Travis Barrett Nave are also charged with conspiring to commit bank and wire fraud, in violation of 18 U.S.C. § 1349 (Count 4) (DE 1850). The purpose of the bank and wire fraud conspiracy alleged in the Sixth Superseding Indictment included "diverting fraud proceeds for their personal use and benefit and to further the fraud scheme and the violations set forth in Counts 1-3"—i.e., the kill-or-kidnap conspiracy and material-support counts (DE 1850:32).

The Sixth Superseding Indictment also charges Defendant Vitel'Homme Innocent and three other defendants, whose identities remain sealed, in Counts 1 through 3. The Government

has not yet apprehended those four defendants, although efforts remain underway to find, arrest, and then either to extradite them or to arrange for their foreign custody transfer.

A grand jury returned the Sixth Superseding Indictment in August 2026, and the Government took custody of the defendants listed in footnote 1 of this motion between September and November 2026. All defendants have appeared in this Court and have defense counsel. In October and November 2026, the Government produced discovery to these defendants through a Coordinating Discovery Attorney ("CDA"), first appointed by this Court to facilitate discovery for earlier generations of defendants charged in prior superseding indictments (DE 2130, 2136, 2290).

The discovery is very voluminous, consisting of hundreds of thousands of items of Bates-stamped discovery or other documentary evidence, including banking and financial records; chat conversations from conspirators' digital devices, along with transcripts and translations for applicable items in French, Spanish, and Haitian Creole; MLAT results; domestic search warrant results; domestic law enforcement reports and records; ballistic testing results, autopsy results, and medical records; video and photographic evidence; and various public and business corporation, driver's license, and employment records. Aside from those files and documents, the Government has also produced over 150 digital forensic reports of the full contents of seized digital devices. The total data volume produced in discovery thus far exceeds 50 terabytes.

## ARGUMENT

### I. The Court Should Continue the Trial While the Government Apprehends the Remaining Indicted Defendants.

The Speedy Trial Act generally requires that a criminal trial begin within seventy days of a defendant's initial appearance. But the Act excludes "[a]ny period of delay resulting from the absence or unavailability of the defendant." 18 U.S.C. § 3161(h)(3)(A). Section 3161(h)(6) also excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant

as to whom the time for trial has not run and no motion for severance has been granted." *Id.* § 3161(h)(6).[2] Section 3161(h)(6) embodies the principle that "a delay caused by one defendant is generally excludable as to his codefendants." *United States v. Tobin*, 840 F.2d 867, 869 (11th Cir. 1988). Combining the two provisions, if the speedy trial clock for a co-defendant is not running because the co-defendant is at large, then the speedy trial clock for all other jointly charged defendants generally stops running as well. *See id.* ("[A] reasonable period of time pending the apprehension of indicted codefendants may be excluded from the Speedy Trial computation where a motion for severance has not been granted."). As the Eleventh Circuit has explained, § 3161(h)(6) reflects a "strong judicial and legislative policy favoring joint trials," particularly in "major … conspiracies" like the ones charged here. *United States v. Davenport*, 935 F.2d 1223, 1236 (11th Cir. 1991).

To be sure, the Act limits any such delay to a "reasonable period of time." 18 U.S.C. § 3161(h)(6). Courts assess the reasonableness of a delay attributable to efforts to apprehend fugitive co-defendants based on several factors, including "the totality of the circumstances prior to trial," "the extent to which the appellant's defense was prejudiced," and "the sheer length of the delay." *Davenport*, 935 F.2d at 1236. The Eleventh Circuit has confirmed that delays of over a year, *see United States v. Grenon*, 2025 WL 3708752, at *7 (11th Cir. Dec. 22, 2025) (unpublished), over eight months, *see Tobin*, 840 F.2d at 871, and five months, *see Davenport*, 935 F.2d at 1236-37, were reasonable.

In this case, the totality of the circumstances strongly favors continuing this trial until January 2028. Mr. Innocent and three other fugitive co-defendants remain at large. The Government is undertaking diligent efforts to apprehend them. "There is a preference in the federal

[2] This paragraph formerly was 18 U.S.C. § 3161(h)(7), so older case law cites to that paragraph.

system for joint trials of defendants who are indicted together," *Zafiro v. United States,* 506 U.S. 534, 537-38 (1993), which is "particularly true in conspiracy cases," *United States v. Browne,* 505 F.3d 1229, 1268 (11th Cir. 2007). "A single trial is ideal when the government plans to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." *United States v. Margheim*, 770 F.3d 1312, 1320 (10th Cir. 2014) (quotation marks omitted). Here, a single trial is not just preferable or ideal, it is virtually essential. The trial of these defendants will address a complex, multi-month set of interrelated conspiracies, with massive amounts of evidence, and will most likely be substantially longer than the prior trials in this matter. On top of that, the trial will require the testimony of two violent crime victims, who have already had to relive their trauma twice in prior testimony.

Nor would the requested continuance prejudice the defendants. Quite the opposite. For the reasons explained in Part II *infra*, the newly arraigned defendants need substantial time to review the voluminous discovery in this matter to effectively and competently advise their clients and prepare for trial.

## II. The Ends of Justice Also Strongly Favor a Continuance.

Alternatively, the Speedy Trial Act allows a district court to continue a defendant's trial (and does not count that time against the 70-day speedy trial clock) when the court finds "that the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). To grant an ends-of-justice continuance, a court must "set[] forth, in the record of the case, either orally on in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* Relevant factors include "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the

existence of novel questions of fact or law," making it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within" the usual 70-day period, as well as whether the refusal of a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). *See also United States v. Zedner*, 547 U.S. 489, 500 (2006). Courts have "broad discretion to grant additional periods for trial preparation" and the ends of justice. *United States v. Watkins*, 811 F.2d 1408, 1411 (11th Cir. 1987).

The Government respectfully requests that this Court make specific findings on the record, consistent with the dictates set forth in *Zedner*, 547 U.S. 489, and *United States v. Ammar*, 842 F.3d 1203 (11th Cir. 2016), regarding Speedy Trial Act excludable delay. Given the volume of discovery and charges at issue, the Government also respectfully requests that this Court make specific findings on the record and declare this case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

The ends-of-justice factors compel a continuance here. Defense counsel must review over 50 terabytes of discovery, including hundreds of digital device reports. Defense counsel for the former defendants in this matter—Arcangel Pretel Ortiz, Antonio Intriago, Walter Veintemilla, James Solages, and Christian Sanon— took approximately three years to review much of the same evidence to adequately prepare for trial. And counsel for the new defendants must also review the trial transcripts and evidence from two prior multi-month trials, along with hundreds of witness interview reports. The Government also will be producing additional discovery relevant to the new defendants on a rolling basis, although it anticipates that the volume of new material will be considerably smaller than the existing discovery. In sum, there is no way that any counsel can

effectively and competently advise their clients or prepare for trial unless they receive a reasonable amount of time to review the discovery. As the counsel for the seventeen former Colombian military defendants have stated, "Given the seriousness of the charges and the potential sentencing consequences, counsel cannot responsibly advise their clients regarding pretrial litigation, plea negotiations, or trial strategy without sufficient opportunity to complete that review" (DE 2281:2). Even as to the non-moving defendants (Mr. Badio, Mr. Gordon, Mr. Rainer, Ms. Simmons, Mr. Williamson, and Mr. Nave), they must review the same discovery, which is inextricably intertwined with the facts of their charges and which provides both the background context and the purpose for the crimes that they committed.

The seventeen former Colombian defendants have moved for a four-month continuance and have asked the Court to set a status conference at that time to assess how much more time they need to prepare for trial (DE 2281). The Government does not oppose their request to continue the trial, but the Government proposes instead a continuance—for all remaining defendants—until January 2028, in recognition of the lengthy amount of time needed for defense counsel to review the discovery. Consistent with the Court's prior trial schedule orders (e.g., DE 1124), the Government proposes that the Court set periodic status conferences—starting four months from now, as the seventeen former Colombian defendants have requested, and then every four months after that until the pretrial conference.

The Government has conferred with counsel for the remaining defendants concerning the requested relief. Defendants Phenil Gordon Desir, Victor Albeiro Pineda Cardona, Juan Carlos Yepes Clavijo, Jheyner Alberto Carmona Flores, Alex Miyer Pena, Jhon Jairo Ramirez Gomez, Enalber Vargas Gomez, and Samir Handal oppose the requested relief. The remaining defendants have not responded to date, and their position is unknown.

## CONCLUSION

The Court should continue the trial for all remaining defendants until January 2028 and schedule regular status conferences for the parties.

Respectfully submitted,

YARA LORENZO KLUKAS
Acting United States Attorney

By: *<u>/s Sean T. McLaughlin</u>*
Sean T. McLaughlin
Assistant United States Attorney
Court ID No. A5501121
11200 NW 20th Street, Suite 101
Miami, FL 33172
(305) 715-7642/7654
Sean.McLaughlin@usdoj.gov

*<u>/s Jason Wu</u>*
Jason Wu
Assistant United States Attorney
Court ID No. A5502299
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9226
Jason.Wu@usdoj.gov

*<u>/s Altanese Phenelus</u>*
Altanese Phenelus
Assistant United States Attorney
FL Bar No. 112693
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9375
altanese.phenelus@usdoj.gov

## **Certificate of Service**

I hereby certify that on November 20, 2026, I filed the foregoing document via CM/ECF and thus served all counsel of record.

/s *Jason Wu*
Jason Wu
Assistant United States Attorney